## EXHIBIT A

**KENT LAW OFFICES**
Attorneys at Law

11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Phone:  (480) 247-9644
Fax:  (480) 717-4781

**RECEIVED**
DEC 16 2011
By_____

COPY
NOV _ 5
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

STATE OF ARIZONA
DEPT. OF INSURANCE

DEC 13 2011
TIME 2:25pm
SERVICE OF PROCESS

Garrett T. Kent (023303) gkent@kentlawpc.com
Trinette G. Kent (025180) tkent@kentlawpc.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RALPH J. STROM, an Arizona resident,<br><br>    Plaintiff,<br><br>vs.<br><br>PROFESSIONAL INSURANCE COMPANY, a foreign insurer,<br><br>    Defendant. | Case No.:  **C20118287**<br><br>**SUMMONS**<br><br><br>**KYLE A. BRYSON** |

TO:   **PROFESSIONAL INSURANCE COMPANY**
      **c/o Director of Insurance**
      **2910 North 44th Street, 2nd Floor**
      **Phoenix, Arizona 85018**
      **(602) 364-3100**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within the State of Arizona, you shall appear and defend within twenty (20) days after service of the Summons and Complaint upon you, exclusive of the date of service. If served outside of the State of Arizona, you shall appear and defend within thirty (30) days after service of the

1

1   Summons and Complaint upon you, exclusive of the date of service.  Where process is

2   served upon the Arizona Director of Insurance as an insurer's attorney to receive service

3   of legal process against it in this state, the insurer shall appear, answer, or plead within

4   forty (40) days after service upon the Arizona Director of Insurance, exclusive of the

5   date of service.

6        YOU ARE HEREBY NOTIFIED that if you fail to appear and defend within the

7   time applicable, judgment by default may be rendered against you for the relief

8   demanded in the Complaint.

9        YOU ARE CAUTIONED that in order to appear and defend, you must file an

10   Answer or proper response in writing with the Clerk of this Court, accompanied by the

11   necessary filing fee, within the time required, and you are required to serve a copy of

12   any Answer or response upon Plaintiffs' attorney.  ARIZ. R. CIV. P. §§ 4, 5, 10(d).

13            The names and address of Plaintiff's attorneys are:

14                        Garrett T. Kent, Esq.
                         Trinette G. Kent, Esq.
15                       KENT LAW OFFICES
                 11811 North Tatum Boulevard, Suite 3031
16                       Phoenix, Arizona 85028
                     Telephone:  (480) 247-9644
17                   Facsimile:  (480) 717-4781

18

19
    SIGNED AND SEALED this date: _____ NOV 2 5 2011
20
                                        PATRICIA A. NOLAND
21                          MICHAEL K. JEANES
                            CLERK OF THE COURT
22

23

24                          By: _____

25                              Deputy Clerk

26

                                  2

# EXHIBIT B

**KENT LAW OFFICES**
Attorneys at Law

11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Phone: (480) 247-9644
Fax: (480) 717-4781

Garrett T. Kent (023303) gkent@kentlawpc.com
Trinette G. Kent (025180) tkent@kentlawpc.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RALPH J. STROM, an Arizona resident, | Case No.: C20118287 |
| Plaintiff, | **COMPLAINT** |
| vs. | **KYLE A. BRYSON** |
| PROFESSIONAL INSURANCE COMPANY, a foreign insurer, |  |
| Defendant. | |

As and for his Complaint against Defendant, Professional Insurance Company, Plaintiff, Ralph J. Strom, sets forth and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    That at all relevant times herein, Plaintiff, Ralph J. Strom ("Plaintiff"), was and so remains a resident of Pima County, Arizona.

2.    That at all relevant times herein, Defendant, Professional Insurance Company ("Professional Insurance Company"), was and so remains a foreign insurer transacting insurance in the state of Arizona.

3.     That, among other things, Professional Insurance Company, was engaged in, *inter alia*, the sale, marketing, and distribution of disability income insurance policies in the state of Arizona and elsewhere.

4.     That Plaintiff purchased disability income insurance from Professional Insurance Company under an individual disability income policy, more particularly identified by policy number 52101837, with an effective date of February 1, 2004.

5.     That at all relevant times herein, Plaintiff was employed by Union Pacific Railroad as a conductor in the state of Arizona.

6.     That the aforesaid insurance policy provided for, *inter alia*, the payment of certain disability income benefits if Plaintiff were to become disabled from the performance of his regular occupation due to injury or sickness.

7.     That the aforesaid insurance policy provided for, *inter alia*, a monthly benefit amount of $1,700 in the event that Plaintiff were to become disabled from the performance of his regular occupation due to injury or sickness.

8.     That the aforesaid insurance policy contained an elimination period of fourteen (14) days.

9.     That Plaintiff became and so remains disabled under the aforesaid policy from his regular occupation.

10.     That in or around April of 2011, Plaintiff submitted a claim for disability income benefits under the aforesaid policy.

11.     That shortly thereafter, on or about April 19, 2011, Professional Insurance Company denied Plaintiff's claim for disability income benefits.

12.     That Plaintiff submitted additional information, including medical documentation, indicating that he was disabled from the performance of his regular occupation and was, therefore, entitled to disability income benefits.

1    13.    That on or about June 23, 2011, Professional Insurance Company again

2  denied Plaintiff's claim for disability income benefits.

3    14.    That Plaintiff has met the applicable elimination period of fourteen (14)

4  days and all other conditions under the policy.

5    15.    That Plaintiff duly notified Professional Insurance Company of his claim

6  for benefits under the policy.

7    16.    That Professional Insurance Company has failed and refused to pay

8  Plaintiff the disability income benefits due and owing to him under the policy.

9    17.    That Professional Insurance Company's denial of Plaintiff's claim for

10  disability income benefits was in contravention of the terms of the policy and was

11  without a reasonable basis.

12                     **COUNT I:  BREACH OF CONTRACT**

13    18.    That Plaintiff hereby realleges, reasserts, and restates the foregoing as if

14  fully set forth herein.

15    19.    That the aforesaid disability income policy constitutes a lawful insuring

16  agreement and constitutes a legally binding contract.

17    20.    That Plaintiff has complied with all of his duties under the policy.

18    21.    That when the time came due for Professional Insurance Company to

19  perform its obligations by paying disability insurance benefits to Plaintiff, Professional

20  Insurance Company failed and refused to perform its obligations under the policy.

21    22.    That as a direct and proximate result of Professional Insurance Company's

22  failure and refusal to pay disability insurance benefits, Professional Insurance Company

23  has breached the contract.

24    23.    That as a direct and proximate result of Professional Insurance Company's

25  breach of its duty to perform under the aforesaid contract, Plaintiff has suffered

26  damages in an amount to be proven at trial.

1    24.    That Plaintiff is further entitled to a reasonable award of attorneys' fees
2  pursuant to A.R.S. §12-341.01.

3                      **COUNT II: BREACH OF THE DUTY OF**
4          **GOOD FAITH AND FAIR DEALING ("BAD FAITH")**

5    25.    That Plaintiff hereby realleges, reasserts, and restates the foregoing as if
6  fully set forth herein.

7    26.    That at all times relevant herein, there existed, and continues to exist, a
8  duty of good faith and fair dealing owed by Professional Insurance Company to
9  Plaintiff.

10    27.    That Professional Insurance Company's acts and omissions, as alleged
11  herein and otherwise, constitute a breach of the duty of good faith and fair dealing owed
12  to Plaintiff and, thereby, were committed in "bad faith."

13    28.    That, among other things, the bad faith acts and omissions of Professional
14  Insurance Company include, but are not limited to, the following:

15          a.    Unreasonably and wrongfully denying Plaintiff's claim for
16               disability income insurance benefits;

17          b.    Failing to give Plaintiff's interests equal consideration;

18          c.    Refusing to provide Plaintiff with the benefits to which he is
19               legally entitled under the aforesaid disability income insurance
20               policy;

21          d.    Failing to conduct a full, adequate, and fair investigation of
22               Plaintiff's claims;

23          e.    Attempting to defeat coverage instead of attempting to afford
24               coverage;

25          f.    Consciously and recklessly disregarding its obligations to Plaintiff;

26

g.    Intentionally attempting to limit and misconstrue the benefits owing under the policy; and

h.    Such other and further conduct as may come to light through discovery.

29.    That as a result of Professional Insurance Company's breach of the duty of good faith and fair dealing, Plaintiff has suffered actual damages in an amount to be proven at trial.

30.    That as a further result of Professional Insurance Company's breach of the duty of good faith and fair dealing, Plaintiff has also suffered additional general and consequential damages, and has further endured, and continues to endure, significant emotional distress and anxiety in an amount to be proven at trial.

31.    That Professional Insurance Company's actions were committed with a conscious disregard of the substantial risk of harm to be suffered by Plaintiff, and which was actually suffered by Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Professional Insurance Company as follows:

### COUNT I: BREACH OF CONTRACT

1.    For a determination that Professional Insurance Company is in breach of contract;

2.    For an award of actual damages sustained thereby;

3.    For Plaintiff's reasonable attorneys' fees incurred in the prosecution of this action pursuant to A.R.S. § 12-341.01; and

4.    For such additional and further relief as the Court deems proper under the circumstances.

## COUNT II: BREACH OF THE DUTY OF
## GOOD FAITH AND FAIR DEALING ("BAD FAITH")

5.     For a determination that Professional Insurance Company is in breach of the duty of good faith and fair dealing and has thereby acted in "bad faith."

6.     For an award of actual damages sustained thereby;

7.     For an additional award of general and consequential damages sustained as a result of Professional Insurance Company's bad faith conduct;

8.     For a further award of punitive or exemplary damages against Professional Insurance Company;

9.     For an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01; and

10.     For such additional and further relief as the Court deems proper under the circumstances.

DATED this 18th day of November, 2011.

KENT LAW OFFICES

By: _Trinette G. Kent_

Garrett T. Kent
Trinette G. Kent
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Attorneys for Plaintiff

## **<u>EXHIBIT C</u>**

**KENT LAW OFFICES**
Attorneys at Law

11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Phone: (480) 247-9644
Fax: (480) 717-4781

Garrett T. Kent (023303) gkent@kentlawpc.com
Trinette G. Kent (025180) tkent@kentlawpc.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RALPH J. STROM, an Arizona resident, | Case No.:   C20118287 |
| Plaintiff, | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| vs. | |
| PROFESSIONAL INSURANCE COMPANY, a foreign insurer, | KYLE A. BRYSON |
| Defendant. | |

Plaintiff, Ralph J. Strom, through counsel undersigned, hereby certifies that the largest award sought by the Complaint, including punitive damages, but excluding interest, attorneys' fees, and costs, <u>does</u> exceed the limits set by local Rule for compulsory arbitration. This case <u>is not</u> subject to the Uniform Rules of Procedure for Arbitration.

///

///

///

///

1

1    DATED this 18th day of November, 2011.

2                                KENT LAW OFFICES

3

4    By: _____
          Garrett T. Kent
5         Trinette G. Kent
          11811 North Tatum Blvd., Suite 3031
6         Phoenix, AZ 85028
          Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# **EXHIBIT D**

**KENT LAW OFFICES**
Attorneys at Law

11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Phone: (480) 247-9644
Fax: (480) 717-4781

Garrett T. Kent (023303) gkent@kentlawpc.com
Trinette G. Kent (025180) tkent@kentlawpc.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RALPH J. STROM, an Arizona resident, | Case No.: |
| Plaintiff, | **REQUEST FOR JURY TRIAL** |
| vs. | |
| PROFESSIONAL INSURANCE COMPANY, a foreign insurer, | |
| Defendant. | |

Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, demand is hereby made for trial by jury of all issues in the above-entitled action.

DATED this 18ᵗʰ day of November, 2011.

KENT LAW OFFICES

By: _Trinette G. Kent_

Garrett T. Kent
Trinette G. Kent
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Attorneys for Plaintiff

1

**<u>EXHIBIT E</u>**

1   William M. Demlong (I.D. No. 012548)
    **KUNZ PLITT**
2   **HYLAND & DEMLONG**
    3838 N. Central Avenue
3   Suite 1500
    Phoenix, Arizona 85012-1902
4   (602) 331-4600
    wmd@kunzlegal.com
5
    Attorneys for Defendant Professional
6   Insurance Company

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                **IN AND FOR THE COUNTY OF PIMA**

9   RALPH J. STROM,

10                Plaintiff,              No. C 2011-8287

11  v.                                   **NOTICE OF FILING OF NOTICE OF REMOVAL**

12  PROFESSIONAL INSURANCE               (Assigned to the Hon. Kyle A. Bryson)
    COMPANY,
13
                Defendant.
14

15        Notice is hereby given on this date that Defendant Professional Insurance

16  Company timely filed a Notice of Removal of the above-captioned action in the United

17  States District Court for the District of Arizona pursuant to 28 U.S.C.§ 1331, 29 U.S.C.

18  §1132(e), 28 U.S.C.  § 1332 and 28 U.S.C. § 1441(a), (b), and (c).  A copy of the Notice

19  of Removal is appended hereto and served herewith as Exhibit "A."

20        Notice is further given that on this date Defendant filed a copy of said Notice of

21  Removal with the Clerk of the Superior Court for Pima County.

22

23

24

25

1    DATED this 11th day of January, 2012.

2                                          KUNZ PLITT
                                           HYLAND & DEMLONG
3                                          A Professional Corporation

4

5                                          By _____
                                              William M. Demlong
6                                             3838 N. Central Avenue
                                              Suite 1500
7                                             Phoenix, Arizona 85012-1902
                                              Attorneys for Defendant Professional
8                                                Insurance Company

9    ORIGINAL of the foregoing mailed this
     11th day of January, 2012, to:
10
     Clerk of the Superior Court Civil
11   Pima County Superior Court
     110 West Congress Street, RM 131A
12   Tucson AZ 85701-1317

13   AND

14   A COPY of the foregoing mailed this
     11th day of January, 2012, to:
15
     Garrett T. Kent, Esq.,
16   Trinette G. Kent, Esq.
     Kent Law Offices
17   11811 North Tatum Blvd., Suite 3031
     Phoenix, AZ 85028
18   Attorneys for Plaintiff

19   _____

20

21

22

23

24

25
                                   - 2 -